UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE MOREHEAD,<br><br>   Plaintiff,<br><br> v.<br><br>CCII WELCH, et al.,<br><br>   Defendants. | Case No. 1:18-cv-01568-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A FRESNO DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THIS ACTION<br><br>(ECF No. 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.**   **Background**

Plaintiff Jessie Morehead is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 15, 2019, the Court found that Plaintiff's complaint failed to state any cognizable claim for relief and granted Plaintiff thirty days to file a first amended complaint or a notice of voluntary dismissal. (ECF No. 8.) Plaintiff was expressly warned that if he failed to file an amended complaint in compliance with the Court's order, this Court would recommend dismissal of this action, with prejudice, for failure to state a claim and failure to obey a court order. (Id. at 7.) The deadline for Plaintiff to either file a first amended complaint or a notice of voluntary dismissal expired on June 17, 2019, and he has not complied with the Court's order or otherwise

1

communicated with the Court. Accordingly, the Court recommends dismissal of this action for the reasons discussed below.

## II. Failure to State a Claim

### A. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff is currently housed at Salinas Valley State Prison in Soledad, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Correctional Institution. Plaintiff names the following defendants: (1) Correctional Counselor II Welch; and (2) Correctional Counselor I D. Wilson.

///

2

Claim I

Plaintiff alleges that his First Amendment right to freedom of speech was violated. Plaintiff claims that he was not given the opportunity to talk about the committee reviewing him to transfer prisons. When Plaintiff asked the defendant to put Plaintiff up for transfer, he did not. Plaintiff asked him verbally on June 21, 2018, for transfer with a review process. At first, Plaintiff was ignored and inconvenienced because he had serious things to tell him, which is why he wanted to transfer out. Plaintiff had some sex cases in June and October 2015 and an inmate named "Esquibal" attacked Plaintiff on May 3, 2017 for having them. Plaintiff was ambushed coming out of the shower. Plaintiff believed he was set up for the attack because the California Correctional Institution is known for disciplining inmates who are sex offenders to get them off the yard. Plaintiff claims, however, that it is a SNY, Level 4 180° and he had the right to program there because SNY yard is for those with cases like that. Plaintiff also claims that he had an enemy next door to him in S Block, B Section, giving him more reasons to transfer out. Plaintiff asserts that he was injured by defendant putting him in harm's way by keeping him at the prison where the incidents were occurring.

Claim II

Plaintiff alleges that Defendant Welch did not put him up for transfer until Plaintiff filed a 602. Plaintiff had already asked defendant verbally to review him for transfer, but was denied and rushed out of committee without the chance to speak why the transfer was so serious and why he wanted to review it. Plaintiff further alleges that he was given a new committee hearing only because Plaintiff wrote up the defendant and complained about being neglected to review for transfer.

Claim III

Plaintiff asserts that he wanted to retaliate against defendants because defendant was "guilty for not reviewing" Plaintiff for transfer. Plaintiff claims that although defendant completed the transfer, defendant was still guilty for not reviewing Plaintiff for transfer without the 602 being processed. Plaintiff wanted to make it adverse because he claims that the prison had him set up to be beaten up by another inmate, plus the safety concerns of an enemy next door to Plaintiff named

Reyes.

**C.    Discussion**

1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Here, Plaintiff's complaint fails to adequately link Defendant Wilson to any of the claims. Although Plaintiff names Defendant Welch in his allegations, Plaintiff does not clearly link Defendant Wilson to any action or omission that resulted in violation of Plaintiff's rights.

2. First Amendment – Freedom of Speech

The First Amendment prohibits government officials from "abridging the freedom of speech ... or the right of the people peaceably to assemble." Prisoners retain those First Amendment rights not inconsistent with their status as prisoners or with legitimate penological objectives of the corrections system. See Pell v. Procunier, 417 U.S. 817, 822 (1974). Although a prisoner does not lose all First Amendment protections when he enters prison, id., the "inmate's 'status as a prisoner' and the operational realities of a prison dictate restrictions on the associational rights among inmates." Jones v. N.C. Prisoners' Labor Union, Inc., 433 U.S. 119, 126 (1977).

Prison regulations that infringe on a prisoner's First Amendment rights are valid so long as

they are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). A prison regulation that impinges on a prisoner's First Amendment right to free speech is valid only if it meets the Turner test. Shaw v. Murphy, 532 U.S. 223, 229 (2001).

The exact nature of Plaintiff's First Amendment claims is unclear, though he appears to suggest that the failure to allow him to request review for transfer at a classification committee hearing violated his right to freedom of speech. However, Plaintiff does not allege sufficient facts to make such a claim under the First Amendment.

### 3. Fourteenth Amendment – Due Process

Plaintiff appears to complain that he was not allowed to seek review of his request to transfer at a classification committee review. However, prisoners have no constitutional right to incarceration in a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 244–48, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (intrastate prison transfer does not implicate Due Process Clause). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002). As Plaintiff has no protected due process right in connection with a transfer, any inability to request review did not violate his due process rights. Moreover, even if Plaintiff was initially denied the ability to be heard, any purported denial of due process was remedied by an additional classification committee review and subsequent transfer.

### 4. Eighth Amendment – Failure to Protect

Although unclear, it appears that Plaintiff may be attempting to assert a claim for failure to protect him from harm based on the attack by Inmate Esquibal.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care and

personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.2000). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer v. Brennan, 511 U.S. 825, 83334, 114 S.Ct. 1970, 28 L.Ed.2d 811 (1994); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir.2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir.2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Here, Plaintiff fails to adequately allege that either of the named defendants knew of any specific risk of harm to Plaintiff from an assault by Inmate Esquibal. And, to the extent that Plaintiff claims Defendants failed to protect him from future, potential harm, this is not sufficient to state a claim.

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the

public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.      Discussion**

Here, the instant action has been pending since November 2018, and Plaintiff's first amended complaint is overdue. The Court cannot hold this case in abeyance awaiting compliance by Plaintiff. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's May 14, 2019 order expressly warned Plaintiff that his failure to comply with that order would result in a recommendation to dismiss this action, with prejudice, for failure to obey a court order and failure to state a claim. (ECF No. 8, p. 7.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings, there is little available to the Court which would constitute a satisfactory lesser sanction while also protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

7

### IV. Order and Recommendation

Accordingly, it is HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a Fresno District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that the instant action be dismissed, with prejudice, based on Plaintiff's failure to state any cognizable claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), failure to obey the Court's May 15, 2019 screening order, (ECF No. 8), and failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 9, 2019**        /s/ *Barbara A. McAuliffe*
                               UNITED STATES MAGISTRATE JUDGE